Steven C. Tycksen, #3300
Chad C Shattuck, #9345
**ZOLL & TYCKSEN, L.C.**
5300 South 360 West, Suite 360
Murray, Utah 84123
Telephone: (801) 685-7800
Facsimile: (801) 685-7808

Attorneys for Plaintiffs

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LEHI BARBER & STYLIST, L.L.C, a Utah limited liability company, dba KIVI'S FULL SERVICE SALON; MELISSA SMITH, an individual; ARTHUR SMITH, an individual; and JANINE SMITH, an individual,<br><br>Plaintiffs,<br><br>-v-<br><br>TORY LEE MEENDERINK, an individual,<br><br>Defendant. | Bankruptcy No. 03-37960<br>Chapter 7<br><br>Honorable William T. Thurman<br>Adversary Proceeding No. 04-2142 |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

1

The above-entitled matter came on for trial before the Honorable William T. Thurman, United States Bankruptcy Court Judge, on December 6th and 7th 2005. The Plaintiffs, were present in court and represented by counsel, Steven C. Tycksen. The Defendant/Debtor, was present in person and represented by counsel, Ronald L. Goodman.

Based upon the legal arguments made at trial, the testimony of witnesses, the evidence presented, the pleadings and legal memoranda submitted by the parties, and for other good cause, the Court hereby makes the following:

## **FINDINGS OF FACT**

1.  On May 30, 2003, Tory Meenderink ("Meenderink") and Melissa Smith ("Smith") signed an agreement to buy a hair and beauty salon business (aka "Kivi's") located at 197 East State Street, Lehi, Utah 84043 from Trudy Jenkins for $44,300.00. On June 25, 2005 Meenderink, Smith and Jenkins, through their attorneys, modified the purchase price to $42,500.00.

2.  In order to buy the salon and form a new business to operate it, Smith borrowed $60,000 from her parents, Arthur and Janine Smith and deposited the money directly to the account of Lehi Barber and Stylist, LLC.,

2

a Utah Limited Liability Company formed by Plaintiff and Debtor to own and operate the business.

3. Melissa Smith Loaned $30,000 of the borrowed funds to Meenderink for her 50% contribution to the formation of the company and Meenderink signed a promissory note, dated May 30, 2003 to repay Melissa Smith the $30,000.

4. The two partners understood that together they were contributing jointly to buyout Trudy Jenkins, the former owner using the $60,000 loan from Smith's parents, with the remainder of the loan proceeds to provide $17,500 of operating capital for the business.

5. Meenderink and Smith formed Lehi Barber & Stylist LLC on June 3, 2003 as its only members.

6. By forming Lehi Barber & Stylist LLC, Meenderink and Smith intended to become equal partners in a new business.

7. The partners agreed that Smith would keep the books of the business, and Meenderink, a licensed cosmetologist, would work as a hair stylist and manage the other hair stylists working at the salon.

8. Meenderink acknowledges that she owed a fiduciary duty to her partner Smith which is to say that she understood that as a managing

member of Lehi Barber & Stylist, she had a duty to run the salon in such as way as to protect the investment of her partner Melissa Smith.

9. At the end of September Meenderink delivered a letter to Smith claiming that they could no longer work together. Meenderink & Smith in a follow up conversation decided that Meenderink would make an offer to buy out Smith provided that Smith stay away from the business.

10. Smith stayed away from the business as agreed, and on October 6, 2003, when Smith returned to the business to hear Meenderink's proposal Meenderink stated that she could not raise the money to work out a buyout.

11. Smith then announced that she would be continuing in the business at the shop and Meenderink refused to continue working with Smith at the salon and immediately walked out, taking a waiting client with her.

12. Immediately after leaving the salon, Meenderink set up an appointment with a salon client who had been present at the shop when she left, cut the client's hair at her own apartment and kept the money.

13. Some of the clientele of Lehi Barber & Stylist's followed Meenderink when she left the salon.

14. The Defendant/Debtor took business from Lehi Barber & Stylist.

15. An ad was placed in a local newspaper announcing that

Meenderink and two other stylists could be contacted using new phone numbers.

16. Meenderink did nothing to encourage salon clients to return to the salon.

17. When Meenderink resumed her hair business some of her clients were those with whom she had done business at Lehi Barber & Stylist.

18. The Defendant/Debtor immediately resumed competing with Lehi Barber & Stylists after she left the business on October 6, 2003.

19. On October 6, 2003 Meenderink took with her a check that had been made to pay the rent, which the company owed on a month-to-month basis to its landlord.

20. Meenderink held on to the check and did not give it to the landlord or to Smith. Ultimately these funds were given to her Chapter 7 Trustee.

21. Meenderink knew the business would be evicted if the rent was not paid.

22. The Landlord later rented the same space to Meenderink and the other former stylists who had worked at Kivi's Salon.

23. Meenderink knew that both she and Smith expected to pay back

the $30,000.00 they each borrowed to fund the company from the profits of the business.

24. Meenderink still owes Smith $30,000, plus interest on the loan she took out to start the salon business with Smith.

25. When she abandoned the salon, Meenderink wrote herself a check for $1,667.79, splitting it with booth renters, and keeping more than $800 for herself despite not having worked to earn that money.

26. The Defendant/Debtor's actions proximately caused Lehi Barber & Stylists to fail.

25. The Defendant/Debtor intended to cause harm Smith by abandoning the salon and taking its clients.

27. Defendant's actions interfered with the survival of the business and made the repayment of the $60,000 loan impossible for Plaintiff, Melissa Smith.

28. The salon ultimately failed in large part because of Meenderink's actions.

## **CONCLUSIONS OF LAW**

1. The Debtor is not entitled to a discharge of this debt pursuant to pursuant to 11 U.S.C. § 523(a)(5) and (a)(6) because she breached a

duty owed to Lehi Barber & Stylist, by embezzling company funds, stealing clients from the salon, interfering with the company's ability to survive, and because she intentionally interfered with the Smith's contractual interests, making it impossible for her to repay the $60,000 loan to her parents.

2. Plaintiff is entitled to recover her reasonable attorneys fees incurred in prosecuting said claims, pursuant to the terms of the promissory note, to be determined in a subsequent hearing.

3. Plaintiff is entitled to a judgment against the Defendant/Debtor in the amount of $60,000 plus interest at 10% pursuant to Utah Code §15-1-1.

**DATED and SIGNED this 27 day of December, 2005.**

William T. Thurman
U.S. Bankruptcy Judge

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing,

PLAINTIFFS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW,

postage pre-paid to the following:

Ronald H. Goodman
Attorney for Debtor/Defendant
8 North Center Street
P.O. Box 727
American Fork, UT 84003

On this 23rd day of November, 2005.

_[signature]_